## Case No. 12,930.

### The SKYLARK.

[1 Brown, Adm. 36.] [1]

District Court, E. D. Michigan. Feb., 1872.

AFFREIGHTMENT — BILL OF LADING — STONE PURCHASED AS CARGO.

A document purporting on its face to be a bill of purchase by a vessel of certain stone, and signed by her master (the stone being delivered to her as cargo), has none of the elements of a bill of lading, and cannot be interpreted as such. Nor is the vessel holden for stone purchased by her master as cargo.

Libel for breach of contract of affreightment.

The libel alleged the shipping by libellant

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

of a quantity of building and limestone on board the schooner at Marblehead, in the state of Ohio, on the 23d day of July, 1867, consigned to William Becker, of New Baltimore, in the state of Michigan, and that the libellant received "from the master of said schooner a bill of lading, a receipt and a contract whereby the said master charged the said vessel with the performance of said contract." The libel further alleged a breach of the contract and a conversion of the stone by the master to his own use, and that the same was worth $111 50, for which amount, with interest, the libellant claimed a decree against the vessel. All the material allegations of the libel were denied by the answer; and it was averred that claimant became the purchaser of the schooner in good faith after such alleged contract and breach, and for a valuable consideration, and that libellant's claim, if he ever had any, had become stale by lapse of time, and ought not now to be enforced.

H. B. Brown, for libellant.
W. A. Moore, for claimant.

LONGYEAR, District Judge. The shipping of the stone and the bill of lading and contract being denied, it was incumbent on the libellant to sustain the same by a preponderance of proof. The libellant Conrad was sworn as a witness, and after testifying to the shipping or placing on board the schooner a load of stone, produced as and for the "bill of lading, receipt and contract" mentioned in the libel the following document:

"Marblehead Island, O., July 23, 1867. Schooner Skylark, of New Baltimore, Bought of Michael Groh & Co., Dealer in Building, Blockstone and Limestone.
To W. Becker.
    25 cords lime and building stone.
16 cords of building stone, $5 not
  paid, amount to ................. $ 80 00
And $3 50 for limestone   ........   31 50

      9 cords limestone ............. $111 00
              "(Signed)   Porter Chortie."

This document is partly printed and partly written, and the written portion bears upon its face strong evidence of having been written at different times. The words "To W. Becker" (inserted in the manner above indicated), in pencil, especially have that appearance. It is due, however, to Conrad to state that he testified that those words were there when Chortie signed it. But this paper bears no resemblance to and contains none of the elements of a bill of lading or contract of affreightment. It is quite unnecessary to specify what it lacks, because it lacks everything going to make up such a document. It is not even signed by Chortie as master, although it was proven that he was master and owner of the schooner at the time. It is simply an acknowledgment by Chortie, in plain and explicit terms, that he had bought the stone of libellant at the prices named, and that the same was not paid for. It is true that Conrad testified that they usually took their bills of lading in that form, although he produced none, but even if that is so, it does not make it a bill of lading, or entitle libellant to use it as such for any purpose whatever. And then what he said to Warwick, the claimant, as testified to by the latter, that he had sold a load of stone to Chortie, and that he must have his pay for it from Chortie or from Warwick, is consistent with the document as it reads, and is therefore entitled to much weight. And the circumstance that libellant did not send a bill of lading or any notification whatever to the person to whom it is now claimed the stone was shipped, taken in connection with the fact testified to by that person, that he had not ordered the stone, is utterly inconsistent with the idea that the transaction was considered a shipment as freight at the time. To my mind it looks very much like this: that the transaction was a sale of the stone to Chortie, and that the libellant supposed that by making out the bill of sale to the schooner by name and obtaining the signature of Chortie, the master and owner at the time, the vessel would be holden for the purchase price; but having ascertained that no such result would follow, he now seeks a change of base by treating the transaction as one of affreightment. This, of course, cannot be allowed to be done. The preponderance of proof, instead of being in favor of the libellant, I think is largely against him.

Libel dismissed.